**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERTO AYALA-ALFARO, | No. 16-70587 |
| Petitioner, | Agency No. A200-886-001 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2018
Seattle, Washington

Before: GOULD and WATFORD, Circuit Judges, and ROTHSTEIN,** District Judge.

Gilberto Ayala-Alfaro, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

The record does not compel the finding that Ayala-Alfaro would more likely than not suffer persecution in El Salvador by the government or by entities that the government is unwilling or unable to control. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004). The record contains no evidence of ongoing violence against former military members who served during El Salvador's civil war in the 1980s. Further, Ayala-Alfaro never reported the May 2003 attack to the police, so his fear that the police might not help if he has future problems with former members of the Farabundo Martí National Liberation Front ("FMLN") is speculative. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). There is no evidence that such a report to police or other government officials would have been futile. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

The record also does not compel the finding that Ayala-Alfaro's former military service was "a reason" for the May 2003 attack against him and his wife. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Ayala-Alfaro offered no evidence that he had ever been targeted based on his military service before this attack; that the attackers knew who he was and had targeted him

personally for the attack; or that the attackers were even aware of his military service, which was not readily apparent and which he denied during the attack.

Although the BIA reviewed Ayala-Alfaro's withholding claim under the "one central reason" standard rejected by us in *Barajas-Romero*, we need not remand to the agency because its order incorporated the immigration judge's analysis that the May 2003 attack did not have "any nexus" to Ayala-Alfaro's military service. *See Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000). Remand under these circumstances would be "an idle and useless formality." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion).

**PETITION DENIED.**